FILED
JUN 1 1 2014
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **4:14CR00183 JAR/NCC** |
| v. ) | |
| ) No. | |
| ) | |
| CHRISTINA PHILLIPS, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## INDICTMENT

### COUNT ONE

### WIRE FRAUD

The Grand Jury charges that:

**BACKGROUND**

1. At all times relevant to this indictment, Communitronics Corporation (Communitronics) was a St. Louis, Missouri based video-conferencing systems design and installation company that did business in the Eastern District of Missouri, and elsewhere.

2. In March 2012, Christina Phillips (defendant) was hired to serve as Communitronics' bookkeeper/controller.

3. In her position as the bookkeeper/controller, defendant's responsibilities included, but were not limited to, receiving and verifying vendor invoices, paying vendors, and working with a third-party payroll processing company, Extra Help, Inc., to process Communitronics' payroll.

1

4. In her position as the bookkeeper/controller, defendant had control and access to Communitronics' bank accounts and payroll processing system.

5. At all times relevant to this indictment, Extra Help, Inc. ("Extra Help") was a Marion, Illinois based business that provided payroll processing services to Communitronics.

### The Payroll Process

6. At all times relevant to this indictment, Communitronics issued payroll checks to its employee's bi-weekly.

7. Defendant was in charge of providing Extra Help with Communitronics' payroll information, including her own payroll information.

8. The payroll information that defendant provided to Extra Help, included, but was not limited to employee hours worked, pay rates, payroll deductions, tax withholding information, commissions, and reimbursements due each employee.

9. Defendant provided Communitronics' payroll information to Extra Help in either of two ways: by manually inputting the data or by emailing the data to Extra Help.

### Defendant Input Payroll Data Onto Extra Help's Server Until Late 2013.

10. From sometime after March 2012, when defendant was hired by Communitronics, with the exact date unknown by the Grand Jury, up until approximately late 2013, defendant remotely accessed Extra Help's computer server in San Antonio, Texas from her computer at Communitronics in St. Louis, Missouri and input Communitronics' payroll into Extra Help's payroll processing system.

11. After defendant had input the payroll data into the server in San Antonio, Texas she notified Extra Help's Marion, Illinois office that the payroll data was loaded, whereupon Extra Help's Marion, Illinois office then copied and reviewed the data that defendant had

input, and prepared and sent to defendant a "payroll register preview" that contained Communitronics' payroll data. Defendant then verified the accuracy of the "payroll register preview" and approved the electronic transfer of funds from Communitronics' bank account at Commercial Bank in St. Louis, Missouri to Extra Help's payroll processing bank account at Fifth-Third Bank in Marion, Illinois to pay Communitronics' payroll.

12. After Extra Help received defendant's confirmation that the "payroll register preview" was accurate and that funds could be released for payroll disbursement, Extra Help disbursed direct deposits from its Fifth-Third Bank payroll processing account in Marion, Illinois, to Communitronics' employees' bank accounts, including defendant's Bank of America bank account.

### Defendant Authorized Payroll Through Emails to Extra Help.

13. In approximately late 2013, defendant stopped loading Communitronics' payroll data directly onto Extra Help's server and began to send emails to Extra Help in Marion, Illinois that contained Communitronics' payroll data.

14. After defendant emailed the payroll data to Extra Help in Marion, Illinois, Extra Help would send defendant an email requesting authorization to electronically transfer funds from Communitronics' bank account in St. Louis, Missouri to Extra Help's payroll processing bank account in Marion, Illinois. After receiving that authorization from defendant, Extra Help transferred the payroll funds from Commercial Bank in St. Louis, Missouri, to Fifth-Third Bank in Marion, Illinois, and then disbursed direct deposits from Extra Help's Fifth-Third Bank payroll processing bank account to each of Communitronics' employees' bank accounts, including defendant's Bank of America bank account.

## DEFENDANT'S SCHEME

15. During her employment with Communitronics, defendant was never due any reimbursements for expenses and her compensation never included commission. As part of her scheme to defraud Communitronics, on several occasions from approximately April 2012 to approximately January 2014, defendant falsely and fraudulently instructed Extra Help to add money to her paycheck for commissions that she was not entitled to receive and for reimbursements for job expenses that she did not incur and for which she had not obtained approval to be reimbursed by her superiors at Communitronics.

16. On several occasions from approximately December 2012 to approximately February 2014, and without the authority of Communitronics, defendant falsely and fraudulently issued checks that were payable by Communitronics and payable to defendant, defendant's family members, or to fake vendors, or vendors who had done work for Communitronics in the past, and defendant or her family members fraudulently cashed or deposited those checks.

17. From approximately April 2012 to approximately February 2014, defendant falsely and fraudulently redirected approximately $475,044 of Communitronics' funds for her personal gain.

18. On or about May 30, 2013, within the Eastern District of Missouri, and elsewhere,

## CHRISTINA PHILLIPS,

for the purpose of executing the scheme described above and attempting to do so, defendant caused to be transmitted by means of wire communication in interstate commerce the signals and sounds, to wit: a wire transfer in the amount of approximately $15,950.58

4

from Communitronics' bank account at Commercial Bank in St. Louis, Missouri to Extra Help's payroll processing bank account at Fifth-Third Bank in Marion, Illinois, for the payroll expenses of Communitronics, with the wiring including approximately $1,354.66 defendant obtained and fraudulently caused to be included in this wiring for the reimbursement of "miscellaneous expenses," which she was not entitled to receive from her employer, Communitronics.

In violation of Title 18, United States Code, Section 1343 and 2.

## COUNT TWO

## WIRE FRAUD

The Grand Jury further charges that:

19. The allegations made in paragraphs 1 – 17 of Count One of this indictment are incorporated herein.

20. On or about July 30, 2013, within the Eastern District of Missouri,

**CHRISTINA PHILLIPS,**

for the purpose of executing the scheme described above and attempting to do so, defendant caused to be transmitted by means of wire communication in interstate commerce the signals and sounds, to wit: a wire transfer in the amount of approximately $14,869.97 from Communitronics' bank account at Commercial Bank in St. Louis, Missouri, to Extra Help's payroll processing bank account at Fifth-Third Bank in Marion, Illinois, for the payroll expenses of Communitronics, with the wiring including approximately $1,373.45 defendant obtained and fraudulently caused to be included in this wiring for the reimbursement of "mileage" expenses and "job expense reimbursements," which she was not entitled to receive from her employer Communitronics.

In violation of Title 18, United States Code, Section 1343 and 2.

## COUNT THREE

### WIRE FRAUD

The Grand Jury further charges that:

21. The allegations made in paragraphs 1 – 17 of Count One of this indictment are incorporated herein.

22. On or about December 31, 2013, within the Eastern District of Missouri,

**CHRISTINA PHILLIPS,**

for the purpose of executing the scheme described above, and attempting to do so, defendant caused to be transmitted by means of wire communication in interstate commerce the signals and sounds, to wit: two wire transfers totaling approximately $20,797.00 from Communitronics bank account at Commercial Bank in St. Louis, Missouri, to Extra Help's payroll processing bank account at Fifth-Third Bank in Marion, Illinois, for the payroll expenses of Communitronics, with the wiring including approximately $5,402.88 defendant obtained and fraudulently caused to be included in this wiring for the reimbursement for "job supplies," which she was not entitled to receive from her employer Communitronics.

In violation of Title 18, United States Code, Section 1343 and 2.

### FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Sections 981(a) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 1343 as set forth in Counts One through Three, the defendant shall

6

forfeit to the United States of America any property, real or personal, constituting or derived from any proceeds traceable to said offense.

a. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said offense.

2. If any of the property described above, as a result of any act or omission of the defendant(s):

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty, the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL,

_____
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney

_____
ANTHONY L. FRANKS, #50217MO